FILED

2017 FEB 15 PM 3: 46

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INDICTMENT |
| Plaintiff, ) ) | 1:17 CR 58 |
| v. ) ) | CASE NO. _JUDGE GWIN_ |
| ERIC DENTZ, ) REBECCA DENTZ, ) ) | Title 18, Sections 2, 1001, 1512(k) and 1519; Title 26, Section 7203, United States Code |
| Defendants. ) | |

The Grand Jury charges:

GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Defendant ERIC DENTZ ("E. DENTZ") resided in Brunswick, Ohio, in the Northern District of Ohio. E. DENTZ was married to REBECCA DENTZ, and filed Married Filing Separately U.S. Individual Income Tax Returns, Forms 1040.

2. Defendant REBECCA DENTZ ("R. DENTZ") resided in Brunswick, Ohio, in the Northern District of Ohio. R. DENTZ was married to E. DENTZ, and filed Married Filing Separately U.S. Individual Income Tax Returns, Forms 1040.

3. E. DENTZ and R. DENTZ owned and controlled various corporations, including the following:

    a. Dentz Painting Incorporated ("DPI"), a corporation registered in the State of Ohio with a business address in Brook Park, Ohio, in the Northern District of Ohio.

b. Global Contracting Services ("Global"), a corporation registered in the state of Wyoming with a principal business address in Brook Park, Ohio, in the Northern District of Ohio

*Collective Bargaining Agreement with the Painters' Union*

4. The United States Department of Labor, Employee Benefits and Security Administration ("DOL-EBSA") was an executive branch agency of the Government of the United States.

5. The United States Department of Labor, Office of Inspector General ("DOL-OIG"), was an executive branch agency of the Government of the United States.

6. The Internal Revenue Service, Criminal Investigation Division ("IRS-CID") was an executive branch agency of the Government of the United States.

7. The International Union of Painters and Allied Trades, District Council 6 ("IUPAT" or "the Union") was a local trade union affiliate of an international labor union representing painters and other trade workers.

8. Union members in IUPAT participated in employee pension, retirement and medical plans and trusts created and maintained pursuant to collective bargaining agreements and trust agreements. The plans and trusts included the Painting Industry Insurance Fund, the Painting Industry Profit Sharing Annuity Fund and the IUPAT Industry Pension Funds (collectively, "the IUPAT Funds"), and were managed by "Trustees."

9. On or about May 22, 2006, DPI entered into a collective bargaining agreement ("the CBA") with the IUPAT, under which DPI was obligated to hire union laborers and make contributions to the IUPAT Funds proportionate to the wages and hours paid to their union

laborers. The CBA was renewed and continued from November 7, 2009, through April 30, 2013.

10. As part of the CBA, E. DENTZ, R. DENTZ and DPI were further obligated to submit regular reports to the administrators of the IUPAT Funds detailing the hours their employees worked, their wages, and the corresponding contributions they made to the IUPAT Funds.

*The Income Tax System*

11. The Internal Revenue Service ("IRS"), an agency within the U.S. Department of Treasury, was responsible for administering and enforcing the federal revenue laws and regulations regarding the ascertainment, computation. assessment, and collection of income taxes owed to the U.S. by its citizens and residents.

12. According to the revenue laws of the U.S., citizens of the U.S. were obligated to pay taxes on their income from whatever source derived.

13. In order to accurately assess and collect taxes, the IRS must, among other things, determine taxpayers' actual income, credits and deductions. To accomplish this, the IRS used, among others, the following means:

    a. Individuals: In general, individual taxpayers report their income and other relevant items to the IRS each year by filing U.S. Individual Income Tax Returns, including Forms 1040 and 1040A.

    b. Corporations: In general, all domestic corporations in existence for any part of a tax year must file an income tax return for that year, whether or not they have taxable income. A corporation generally must file a U.S. Corporation Income

3

Tax Return, Form 1120, to report its income, gains, losses, deductions, credits, and income tax liability.

*IUPAT Funds Audits and Federal Investigation*

14. In or around Fall 2010 the Trustees of the IUPAT Funds performed an audit of DPI's records covering the period of January 2005 through December 2007. The audit revealed that E. DENTZ, R. DENTZ and DPI were delinquent in making payments to the IUPAT Funds in violation of the CBA. The Trustees of the IUPAT Funds filed a suit against DPI for recovery of delinquent contributions to the IUPAT Funds and conducted a second audit covering January 2008 through December 2009.

15. Following the second audit, the Trustees of the IUPAT Funds and E. DENTZ, R. DENTZ and DPI entered into a settlement agreement in which E. DENTZ, R. DENTZ and DPI agreed to pay approximately $148,000 in delinquent contributions to the IUPAT Funds, beginning in September 2010.

16. In or around May 2011, E. DENTZ and R. DENTZ stopped conducting business through DPI.

17. In or around June 2011, E. DENTZ and R. DENTZ began employing painters and other trade workers under Global, which shared substantially identical management, business, purposes, operations, facilities, equipment, customers, supervision and ownership as DPI.

18. Despite changing the name of their company from DPI to Global, E. DENTZ and R. DENTZ were still subject to the terms and conditions of the CBA until April 30, 2013, and were still required to make contributions to the IUPAT Funds on behalf of their workers.

19. In or around January 2011, a federal investigation was initiated by agents with the Department of Labor, Employee Benefits Security Administration ("EBSA") concerning whether

Defendants E. DENTZ and R. DENTZ and their companies DPI and Global were making proper contributions to the IUPAT Funds on behalf of their employees and pursuant to the CBA.

20. In or around August 2012, a federal grand jury investigation was initiated concerning Defendants E. DENTZ and R. DENTZ, their companies DPI and Global, and their business activities, described above.

21. In or around October 2012, E. DENTZ and R. DENTZ learned of the federal grand jury investigation.

22. On or about July 23, 2013, E. DENTZ and R. DENTZ, in response to federal grand jury subpoenas served upon DPI and Global, falsely stated to federal law enforcement agents and a federal district court judge that the records responsive to the subpoena had been destroyed due to a flood.

23. On or about August 2, 2013, E. DENTZ and R. DENTZ, in response to federal grand jury subpoenas served upon DPI and Global, presented an invoice from Company A through which they falsely claimed that records in response to the subpoena had been destroyed due to a flood.

COUNT 1
Conspiracy to Obstruct Justice and Tamper with Witnesses
(Title 18, U.S.C. Section 1512(k))

24. The factual allegations in Paragraphs 1-23 of the general allegations of this Indictment are hereby re-alleged and incorporated as if fully set forth herein.

25. From in or around January 2011 through in or around June 2016, the Internal Revenue Service, Criminal Investigation Division ("IRS"), the Department of Labor, Office of Inspector General ("DOL-OIG"), the Department of Labor, Employee Benefit Security Administration ("EBSA") and the Grand Jury for the Northern District of Ohio were

investigating, among other things, whether ERIC DENTZ and REBECCA DENTZ, their companies DPI and Global, and others: a) made proper and adequate contributions to the IUPAT Funds for their employees and commensurate with the actual hours that DPI and Global employees actually worked; b) paid employees of DPI and Global proper wages on government contracts in accordance with federal and state laws; and c) filed income tax returns and paid over income taxes due and owing to the Internal Revenue Service. In the course of the investigation, federal grand jury subpoenas from the Northern District of Ohio were issued.

## The Conspiracy

26. From in or around October 2012 through in or around October 2014, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants ERIC DENTZ and REBECCA DENTZ, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire, combine, confederate and agree together and with each other to corruptly obstruct, influence and impede, and to attempt to do so, an official proceeding, that is, the federal Grand Jury investigation described above, in violation of Title 18, United States Code, Section 1512(c)(2).

## Objects of the Conspiracy

27. It was an object of the conspiracy that E. DENTZ, R. DENTZ and others concealed, attempted to conceal and encouraged others to conceal from law enforcement and the Grand Jury the fact that E. DENTZ, R. DENTZ and others failed to pay over required payments to the IUPAT Funds on behalf of Global and DPI employees, and further failed to file income tax returns and pay over income taxes due and owing to the IRS.

Manner and Means

It was part of the conspiracy that:

28.  E. DENTZ, R. DENTZ and others instructed and attempted to instruct members of the conspiracy and others not to cooperate with law enforcement.

29.  R. DENTZ made false statements to federal law enforcement officials in order to conceal her conduct and that of E. DENTZ and to obstruct the ongoing investigation.

30.  E. DENTZ made threatening statements to federal law enforcement officials in order to deter and hinder the ongoing investigation.

31.  E. DENTZ and R. DENTZ concealed, destroyed, manipulated and altered documents responsive to Grand Jury subpoenas.

Acts in Furtherance of the Conspiracy

32.  In furtherance of the conspiracy and to effect the objects thereof, E. DENTZ, R. DENTZ and other co-conspirators known and unknown to the Grand Jury committed the following acts in the Northern District of Ohio and elsewhere.

33.  On or about October 12, 2012, R. DENTZ spoke with Special Agents of the DOL-OIG and claimed that Global was owned and solely operated by her uncle, T.A., that she was not paid by Global, and that she had no knowledge of Global's controls or operations.

34.  On or about December 12, 2012, E. DENTZ, after being advised of the identity of DOL-OIG Special Agent B.H., threatened to assault Special Agent B.H. with weapons if he came to E. DENTZ's home to interview either E. DENTZ or R. DENTZ.

35.  On or about January 3, 2013, R. DENTZ spoke with Special Agents of the IRS and the DOL-OIG, and claimed in response to a federal grand jury subpoena previously served on her for records related to DPI and Global that Attorney 1 possessed documents responsive to

the subpoena for DPI records, when, in truth and fact, as she then well knew, Attorney 1 did not represent R. DENTZ, E. DENTZ, DPI or Global and did not possess records in response to the subpoena for DPI records.

36. On or about July 23, 2013, in response to federal grand jury subpoenas served upon DPI and Global for records, E. DENTZ and R. DENTZ appeared in a hearing before United States District Chief Judge Solomon Oliver, Jr., and stated that the records responsive to the subpoena were destroyed in a flood in their basement.

37. On or about August 2, 2013, E. DENTZ and R. DENTZ appeared in a hearing before United States District Chief Judge Solomon Oliver, Jr., and submitted a cleaning invoice dated October 31, 2012, related to the above-mentioned flooding in their basement, then knowing that the cleaning invoice was a false, fraudulent and fabricated document and that the cleaning company never provided the above-mentioned cleaning services to E. DENTZ and R. DENTZ.

38. On or about August 2, 2013, in response to federal grand jury subpoenas served upon DPI and Global for records, and during a hearing before United Stated District Chief Judge Solomon Oliver, Jr., R. DENTZ claimed that Accountant 1 was DPI's accountant and had records responsive to the subpoenas for Tax Years 2009, 2010 and 2011, when, in truth and fact, as she then well knew, Accountant 1 had no records responsive to the subpoenas for Tax Years 2009, 2010 and 2011 and had not performed services for DPI for those tax years.

39. On or about August 2, 2013, in response to federal grand jury subpoenas served upon DPI and Global for records, and during a hearing before United States District Chief Judge Solomon Oliver, Jr., R. DENTZ claimed that Accountant 2 was Global's accountant for Tax Year 2012 and held records for Global, when, in truth and fact, as she then well knew,

Accountant 2 had no records responsive to the subpoenas for Tax Year 2012 and had not performed services for Global for that tax year.

All in violation of Title 18, United States Code, Section 1512(k).

COUNT 2
Destruction, Alteration and Falsification of Records in Federal Investigations
(Title 18, U.S.C. Section 1519)

40. The factual allegations of Paragraphs 1-23 of the general allegations, and 25, 28-31, and 33-38 of Count 1 of this Indictment are hereby re-alleged and incorporated as if set forth fully herein.

41. On or about August 2, 2013, in the Northern District of Ohio, Eastern Division, Defendants ERIC DENTZ and REBECCA DENTZ, with the intent to impede, obstruct and influence, in relation to and contemplation of, the investigation and proper administration of matters within the jurisdiction of departments and agencies of the United States, namely, the United States Department of Labor, Office of Inspector General, the Internal Revenue Service, and the Department of Labor, Employee Benefits Security Administration, knowingly concealed, covered up, falsified and made a false entry in a record, document and tangible object, to wit, a cleaning invoice dated October 31, 2012, that falsely recorded payments made to a cleaning company for flood repairs that were not in fact paid and for services that were not in fact rendered and which falsification Defendants well knew and contemplated were related to the proper administration and investigation of matters before the Department of Labor, Office of Inspector General, Internal Revenue Service, and Department of Labor, Employee Benefits Security Administration.

All in violation of Title 18, United States Code, Section 1519 and 2.

## COUNT 3
### False and Fraudulent Statements to Federal Agents
(Title 18, U.S.C. Section 1001(a)(2))

42. On or about October 12, 2012, in the Northern District of Ohio, Eastern Division, Defendant REBECCA DENTZ did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation to Special Agents of the Department of Labor, Office of Inspector General, in a matter within the jurisdiction of the executive branch of the government of the United States, that is, REBECCA DENTZ stated that Global was owned and solely operated by her uncle, T.A., that she was not paid by Global, and that she had no knowledge of Global's controls or operations, when, in truth and fact, as she then well knew, Global was the functional equivalent of DPI and was controlled and operated by REBECCA DENTZ and Eric Dentz.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT 4
### False and Fraudulent Statements to Federal Agents
(Title 18, U.S.C. Section 1001(a)(2))

43. On or about January 3, 2013, in the Northern District of Ohio, Eastern Division, Defendant REBECCA DENTZ did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation to Special Agents of the Department of Labor, Office of Inspector General, and the Internal Revenue Service, in a matter within the jurisdiction of the executive branch of the government of the United States, that is, REBECCA DENTZ stated in response to a federal grand jury subpoena previously served on her for records related to DPI and Global that Attorney 1 possessed documents responsive to the subpoena for DPI records, when, in truth and fact, as she then well knew, Attorney 1 did not represent REBECCA

DENTZ, Eric Dentz, DPI or Global and did not possess records in response to subpoena for DPI records.

All in violation of Title 18, United States Code, Section 1001(a)(2).

### COUNTS 5-6
Willful Failure to File Tax Returns
(Title 26, U.S.C., Section 7203)

44. During the calendar years listed below, Defendant ERIC DENTZ, who was a resident of Brunswick, Ohio, had and received gross income in the approximate amounts listed below. By reason of such gross income, he was required by law, following the close of the calendar year and on or before the dates listed below, to make an income tax return to any proper officer of the Internal Revenue Service Center, stating specifically the terms of his gross income and any deductions and credits to which he was entitled. Well knowing all of the foregoing, he did willfully fail, on or about the due dates noted below, in the Northern District of Ohio, Eastern Division, and elsewhere, to make an income tax return as follows:

| COUNT | CALENDAR YEAR | APPROXIMATE DUE DATE OF RETURN | APPROXIMATE AMOUNT OF GROSS INCOME |
|---|---|---|---|
| 5 | 2010 | April 15, 2011 | $127,178 |
| 6 | 2011 | April 15, 2012 | $49,122 |

All in violation of Title 26, United States Code, Section 7203.

### COUNTS 7-9
Willful Failure to File Tax Return
(Title 26, United States Code, Section 7203)

45. During the calendar years listed below, Defendant REBECCA DENTZ, who was a resident of Brunswick, Ohio, had and received gross income in the approximate amounts listed below. By reason of such gross income, she was required by law, following the close of the calendar year and on or before the dates listed below, to make an income tax return to any proper

officer of the Internal Revenue Service Center, stating specifically the terms of her gross income and any deductions and credits to which she was entitled. Well knowing all of the foregoing, she did willfully fail, on or about the due dates noted below, in the Northern District of Ohio, Eastern Division, and elsewhere, to make an income tax return as follows:

| COUNT | CALENDAR YEAR | APPROXIMATE DUE DATE OF RETURN | APPROXIMATE AMOUNT OF GROSS INCOME |
|---|---|---|---|
| 7 | 2010 | April 15, 2011 | $35,220.31 |
| 8 | 2011 | April 15, 2012 | $30,825.01 |
| 9 | 2012 | April 15, 2013 | $158,065.35 |

All in violation of Title 26, United States Code, Section 7203.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.